# EXHIBIT A
# FIRST AMENDED COMPLAINT

ORIGINAL

T. JAMES FISHER, SBN 064079
1721 Court Street
P.O. Box 990460
Redding, CA 96099-0460
Telephone No. 530/244-0909
Facsimile No. 530/244-0923
Email: fisherlawoffice@sbcglobal.net

Attorney for Plaintiff,
**JOHN VANCE**

FILED
JAN - 6 2021
CLERK OF THE SUPERIOR COURT
BY: M. BORNE, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SHASTA

JOHN VANCE,

        Plaintiff,

vs.

CONSTRUCTION & GENERAL LABORERS LOCAL UNION NO. 185, Also Doing Business As LiUNA! NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS, DOYLE RADFORD, JR., AND DOES 1 THROUGH 20,

        Defendants.

Case No.: 196427

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**
**1) HOSTILE WORK ENVIRONMENT CONDUCT DIRECTED AT PLAINTIFF;**
**2) RETALIATION IN VIOLATION OF GOVT. CODE § 12940(H);**
**3) FAILURE TO PREVENT RETALIATION (GOVT. CODE § 12940(K)**
**4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**
**5) NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**JURY TRIAL DEMANDED**

Plaintiff, **JOHN VANCE** alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

FIRST AMENDED COMPLAINT FOR DAMAGES
1.

individual or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff and are therefore fictitious and Plaintiff desires to be allowed, when the true names of said Defendants are ascertained, to insert the same herein and in all subsequent pleadings in this matter with the same force and effect as if the same had been correctly, properly and truly written in the first instance.

That Plaintiff is informed and believes, and upon such information and belief alleges, that the Defendants sued herein as DOES 1 through 20, inclusive, were, and in some manner are, legally, negligently, statutorily, vicariously, or strictly liable in tort, were legally responsible in some manner for the events and happenings herein referred to, and negligently, or otherwise, caused injuries and damages proximately to Plaintiff as hereinafter alleged.

2.  That at all times herein mentioned, each of the Defendants was the agent, servant, partner, joint venturer, franchisee and employee of each of the other Defendants, and in doing the things hereinafter mentioned, was acting in the course and scope of the authority of said agency, employment, service, partnership, joint venture and franchise, with the permission and consent of their Co-Defendants.

3. Plaintiff is informed and believes that Defendant, **CONSTRUCTION & GENERAL LABORERS LOCAL UNION 185, also doing business as LiUNA! NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS** (hereinafter referred to as **LABORERS LOCAL 185 and/or EMPLOYER**) is an organized union, existing under and pursuant to the laws of the State of California.

4.  Plaintiff is further informed and believes and upon such information and belief alleges that Defendant, **DOYLE RADFORD, JR.** was acting within the course and scope of his employment for Defendant, **LABORERS LOCAL 185** and further actively participated in the

FIRST AMENDED COMPLAINT FOR DAMAGES
2.

creation of the hostile work environment and the intentional infliction of emotional distress as set forth herein.

5. That Plaintiff was an employee of Defendant, **LABORERS LOCAL 185** as a business representative. Plaintiff was a business representative of **LABORERS LOCAL 185** for approximately three years prior to his termination on January 13, 2020. Plaintiff has been a union member prior to his termination for a total of 37 years.

### FIRST CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT DIRECTED AT PLAINTIFF (GOVERNMENT CODE SECTION 12940(J))
### As to Defendant, DOYLE RADFORD, JR. and DOES 1 through 20

6. As a first, separate, and distinct cause of action, Plaintiff complains against Defendant, **DOYLE RADFORD, JR.** and DOES 1 through 20, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

7. During the course of Plaintiff's employment with **LABORERS LOCAL 185**, Plaintiff was subjected to unwanted harassing conduct for a number of reasons, inter alia due to the fact that he was a Native American.

8. Plaintiff alleges that the harassing conduct was severe and pervasive.

9. That a reasonable person in Plaintiff's position, a member of Plaintiff's protected group, to wit a Native American, would have considered the work environment to be hostile or abusive.

10. That the Plaintiff did in fact consider the work to be hostile and/or abusive.

11. That the Defendant, **DOYLE RADFORD, JR.** as a supervisor knew or should have known that his conduct was unlawful. Defendant, **LABORERS LOCAL 185** knew or

should have known of the conduct of Defendant, **DOYLE RADFORD, JR.** was unlawful as alleged and should have taken corrective immediate and appropriate action, which action was not taken.

12. That Plaintiff was harmed by the conduct of Defendant, **DOYLE RADFORD, JR.** and said conduct was a substantial factor in bringing about his harm.

13. That Defendant, **DOYLE RADFORD, JR.'S** conduct during the course and scope of his employment was a substantial factor in causing Plaintiff's harm.

14. That as a further direct and proximate result of Defendant, **DOYLE RADFORD JR.'S** unlawful conduct, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

15. As a proximate result of Defendants' conduct and each of them, Plaintiff has suffered substantial economic losses, including lost wages, future earnings, promotion advantage, employee benefits and retirement benefits all to his detriment in an amount that will be shown according to proof.

16. As a further proximate result of the conduct of the Defendants, and each of them, Plaintiff has suffered humiliation, embarrassment, shock, grief, surprise, nervousness, emotional pain and distress, intimidation, anger, depression, diminished self-confidence, fear of further employment opportunities, all to Plaintiff's damage in excess of the minimum jurisdiction of this court.

17. As a further direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur attorney's fees and litigation costs in the prosecution of this action. Plaintiff is entitled to reimbursement for those fees and costs in an amount according to

FIRST AMENDED COMPLAINT FOR DAMAGES

4.

proof pursuant to Government Code §12965.

18. Defendant, **DOYLE RADFORD, JR'S** conduct, as described above, was willful, despicable, knowing and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in amount according to proof.

### SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF GOVT. CODE § 12940(H)
### As to Defendant, LABORERS LOCAL 185 and DOES 1 through 20

19. As a second, separate, and distinct cause of action, Plaintiff complains against Defendant **EMPLOYER** and DOES 1 through 20, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

20. That the Plaintiff sent a letter to **LiUNA! NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS** complaining of misappropriation of funds by Defendant, **DOYLE RADFORD, JR.**

21. Shortly thereafter and on or about January 13, 2020, Plaintiff was discharged of employment, which he held for three years at **LABORERS LOCAL 185**.

22. That Plaintiff's protected activity, i.e., whistleblowing, in disclosing misappropriation of funds was the motivating reason for his termination.

23. That Plaintiff was harmed by the conduct of Defendant, **LABORERS LOCAL 185**.

24. That Defendant, **LABORERS LOCAL 185'S** conduct was a substantial factor in causing Plaintiff's harm.

25. That as a further direct and proximate result of Defendant, **LABORERS LOCAL 185** unlawful conduct, Plaintiff has sustained and continues to sustain extreme and severe mental

FIRST AMENDED COMPLAINT FOR DAMAGES
5.

anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

26. As a proximate result of Defendants' conduct and each of them, Plaintiff has suffered substantial economic losses, including lost wages, future earnings, promotion advantage, employee benefits and retirement benefits all to his detriment in an amount that will be shown according to proof.

27. As a further proximate result of the conduct of the Defendants, and each of them, Plaintiff has suffered humiliation, embarrassment, shock, grief, surprise, nervousness, emotional pain and distress, intimidation, anger, depression, diminished self-confidence, fear of further employment opportunities, all to Plaintiff's damage in excess of the minimum jurisdiction of this court.

28. As a further direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur attorney's fees and litigation costs in the prosecution of this action. Plaintiff is entitled to reimbursement for those fees and costs in an amount according to proof pursuant to Government Code §12965.

**THIRD CAUSE OF ACTION**
**FAILURE TO PREVENT RETALIATION (GOVT. CODE § 12940(k)**
**As to Defendant, LABORERS LOCAL 185 and DOES 1 through 20**

29. As a third, separate, and distinct cause of action, Plaintiff complains against Defendant **EMPLOYER** and DOES 1 through 20, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

30. During the course of Plaintiff's employment, he became aware of unlawful misappropriation of funds by supervisors at **LABORERS LOCAL 185**. Thereafter, Plaintiff

sent a letter to the parent company of **EMPLOYER,** LiUNA! regarding the misappropriation of funds.

31. Thereafter, Plaintiff was terminated as a direct result of his reporting the alleged misappropriation of funds.

32. That the Defendant, **DOYLE RADFORD, JR.** and DOES 1 – 20 failed to take reasonable steps to prevent the retaliation against Plaintiff.

33. That Plaintiff was harmed by the conduct of Defendant, **LABORERS LOCAL 185**.

34. That Defendant, **EMPLOYER** failed to take reasonable steps to prevent retaliation against Plaintiff was a substantial factor in causing his harm.

35 That as a further direct and proximate result of Defendant, **LABORERS LOCAL 185** unlawful conduct, Plaintiff has sustained and continues to sustain extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

36. As a proximate result of Defendants' conduct and each of them, Plaintiff has suffered substantial economic losses, including lost wages, future earnings, promotion advantage, employee benefits and retirement benefits all to his detriment in an amount that will be shown according to proof.

37. As a further proximate result of the conduct of the Defendants, and each of them, Plaintiff has suffered humiliation, embarrassment, shock, grief, surprise, nervousness, emotional pain and distress, intimidation, anger, depression, diminished self-confidence, fear of further employment opportunities, all to Plaintiff's damage in excess of the minimum jurisdiction of this court.

38. As a further direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur attorney's fees and litigation costs in the prosecution of this action. Plaintiff is entitled to reimbursement for those fees and costs in an amount according to proof pursuant to Government Code §12965.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### As to Defendant, EMPLOYER and DOES 1 through 20

39. As a fourth, separate, and distinct cause of action, PLAINTIFF complains against Defendant, **EMPLOYER** and DOES 1 through 20, inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

40. Plaintiff alleges that the conduct of Defendant, **EMPLOYER, and DOYLE RADFORD, JR.** was unlawful conduct toward Plaintiff, which was both outrageous and reckless disregard of the probability of causing emotional distress to Plaintiff.

41. That the Plaintiff is in fact suffering severe and extreme emotional distress. That Defendant, **DOYLE RADFORD, JR.**, intended for his conduct to cause emotional distress. Plaintiff alleges that Defendant, **DOYLE RADFORD, JR.** acted with reckless disregard with the probability that Plaintiff would suffer emotional distress.

42. That the proximate cause of Plaintiff's emotional distress was caused by the conduct of Defendants' outrageous conduct and the failure of anyone on behalf of Defendant, **EMPLOYER** to take remedial action in order to protect Plaintiff.

43. As a direct result of Defendant, **DOYLE RADFORD, JR.'S** conduct as alleged hereinabove, Plaintiff has suffered severe emotional distress resulting in damages. Plaintiff alleges that the conduct of Defendant, **DOYLE RADFORD, JR.** was a substantial factor in

causing this severe emotional distress resulting in Plaintiff having to seek medical care and attention and is suffering ongoing emotional distress.

44. As a proximate result of Defendants' conduct and each of them, Plaintiff has suffered substantial economic losses, including lost wages, future earnings, promotion advantage, employee benefits and retirement benefits all to his detriment in an amount that will be shown according to proof.

45. As a further proximate result of the conduct of the Defendants, and each of them, Plaintiff has suffered humiliation, embarrassment, shock, grief, surprise, nervousness, emotional pain and distress, intimidation, anger, depression, diminished self-confidence, fear of further employment opportunities, all to Plaintiff's damage in excess of the minimum jurisdiction of this court.

46. As a further direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur attorney's fees and litigation costs in the prosecution of this action. Plaintiff is entitled to reimbursement for those fees and costs in an amount according to proof pursuant to Government Code §12965.

47. Defendants conduct, as described above, was willful, despicable, knowing and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in amount according to proof.

## FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### As to All Defendants and DOES 1 through 20

48. As a fifth, separate, and distinct cause of action, Plaintiff complains against Defendant, **EMPLOYER** and Defendant, **DOYLE RADFORD, JR.** and DOES 1 through 20,

FIRST AMENDED COMPLAINT FOR DAMAGES
9.

inclusive, and realleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

49. Plaintiff alleges that the conduct of Defendant **DOYLE RADFORD, JR.** was negligent.

50. That Plaintiff suffered serious emotional distress; and

51. That Defendant, **EMPLOYER** and Defendant **DOYLE RADFORD, JR.'S** negligence was a substantial factor in causing Plaintiff's serious emotional distress.

52. Plaintiff's emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

53. As a proximate result of Defendants' conduct and each of them, Plaintiff has suffered substantial economic losses, including lost wages, future earnings, promotion advantage, employee benefits and retirement benefits all to his detriment in an amount that will be shown according to proof.

54. As a further proximate result of the conduct of the Defendants, and each of them, Plaintiff has suffered humiliation, embarrassment, shock, grief, surprise, nervousness, emotional pain and distress, intimidation, anger, depression, diminished self-confidence, fear of further employment opportunities, all to Plaintiff's damage in excess of the minimum jurisdiction of this court.

55. As a further direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur attorney's fees and litigation costs in the prosecution of this action. Plaintiff is entitled to reimbursement for those fees and costs in an amount according to proof pursuant to Government Code §12965.

56. Defendants conduct, as described above, was willful, despicable, knowing and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in amount according to proof.

WHEREFORE, Plaintiff, **JOHN VANCE**, prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages, including loss of wages, promotion opportunities, employment benefits, vacation benefits, medical bills and other special and general damages according to proof but in excess of the jurisdictional threshold of this Court, according to proof; legal rate, according to proof;

2. For mental and emotional distress, according to proof;

3. For an award of interest, including prejudgment interest, at the legal rate, according to proof;

4. For reasonable attorneys' fees pursuant to Government Code Section 12965(b) and all other applicable statutes;

5. For punitive and exemplary damages in an amount sufficient to punish and deter Defendants' outrageous conduct;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

PLAINTIFF demands trial of all issues by jury.

///

///

///

///

DATED: December 29, 2020

                                                T. JAMES FISHER
                                                Attorney for Plaintiff
                                                **JOHN VANCE**